**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:26-mj-369 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN CHANDLER, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER GRANTING GOVERNMENT'S MOTION**
**TO APPEAL AND REVOKE ORDER OF RELEASE (Doc. 18)**

---

This matter is before the Court on the Government's Motion to Appeal and Revoke Order of Release (Doc. 18). Defendant filed a Response (Doc. 20), and the Court held a hearing on the motion. (*See* 5/14/2026 Minute Entry.) This matter is now ripe for the Court's review. For the following reasons, the Court **GRANTS** the Government's Motion to Appeal and Revoke Order of Release (Doc. 18).

## BACKGROUND

On May 5, 2026, Defendant Mark Allen Chandler made his initial appearance before Chief Magistrate Judge Stephanie K. Bowman, who unsealed the Criminal Complaint to inform Defendant of his charges. (*See* 5/5/2026 Minute Entry.) Defendant faces charges of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e), Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b), and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). (Compl., Doc. 4, Pg. ID 45.)

Pretrial Services recommended that Defendant be released on his own recognizance, subject to the mandatory conditions as required by the Adam Walsh Child Protection and Safety Act of 2006. (Pretrial Services Report, Doc. 21, Pg. ID 121–22.) On May 8, 2026, the Chief Magistrate Judge held a detention hearing. (5/8/2026 Minute Entry.) Defendant was released on bond with conditions of release, including but not limited to: (1) surrendering his passport to the Clerk, (2) not contacting the alleged victims in this case, (3) not contacting any minors, (4) home incarceration, or confinement to his residence at all times except for limited outside activities, (5) location monitoring, (6) limiting computer usage to a monitored Android device, and (7) not possessing firearms. (Bond Order, Doc. 17.)

The Government moved to stay the Bond Order pending appeal, but the Chief Magistrate Judge denied this motion. (5/8/2026 Minute Entry.) Subsequently, the Government filed an appeal of the Bond Order with this Court and moved for a stay of the Bond Order pending adjudication of the appeal. (Emergency Motion for Bond Stay and Appeal, Doc. 18.) In support of its appeal, the Government submits that Defendant should be detained because he is a danger to the community and presents a risk of non-appearance. (*Id.* at Pg. ID 102.) The Court granted the Government's Emergency Motion for Bond Stay and issued a warrant for Defendant's arrest. (*See* 5/8/2026 Notation Order; Arrest Warrant, Doc. 19.) Defendant filed a Response in Opposition (Doc. 20) to the Government's appeal and motion for stay. And, on May 14, 2026, the Court held a hearing on this matter. (*See* 5/14/2026 Minute Entry.)

2

## LAW AND ANALYSIS

The Government may seek review of a release order by filing a motion for revocation pursuant to 18 U.S.C. § 3145(a). The district court then reviews the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where, as here, a defendant faces charges of an offense involving a minor victim under 18 U.S.C. § 2251, § 2422, or § 2252A(a)(2), there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(E); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant can overcome this presumption by providing "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. However, if the defendant does overcome this presumption, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (cleaned up).

Defendant argues that he has no criminal history, that the allegations only encompass online conduct, and that he has strong ties to the community and no financial resources to enable him to flee. (Response, Doc. 20, Pg. ID 114–16.) Given that Defendant's burden of producing "at least some evidence" is not heavy, the following analysis will continue under the assumption that the presumption has been rebutted. Nevertheless, the presumption favoring detention "remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quotation omitted).

3

Ultimately, it is the Government's burden to "prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. In making this determination, the Court considers:

(1)     The nature and circumstances of the offense charged;

(2)     The weight of the evidence against the defendant;

(3)     The history and characteristics of the defendant; and

(4)     The nature and seriousness of the danger to any person or the community.

18 U.S.C. § 3142(g). A review of these factors demonstrate that detention is appropriate.

## I.     The Nature and Circumstances of the Offense

The Court first considers "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim." 18 U.S.C. § 3142(g)(1). Here, the offenses charged—Sexual Exploitation of Children, Coercion and Enticement of a Minor, and Receipt of Child Pornography—each involve minor victims. (*See* Compl., Doc. 4.) Not only do these charges carry a presumption of dangerousness due to the involvement of a minor, but they also convey lengthy terms of imprisonment. *See* 18 U.S.C. § 2251(e) (Exploitation of a Child carries a 15-year minimum and 30-year maximum sentence); 18 U.S.C. 2422(b) (Coercion and Enticement of a Minor carries a 10-year minimum and 20-year maximum sentence); 18 U.S.C. § 2252A(b) (Receipt of Child Pornography carries a 5-year minimum and 20-year maximum sentence). These sentences "reflect a Congressional determination that individuals who sexually exploit

4

minors are inherently dangerous." *United States v. Demarcus Bristuan Fitzhugh*, No. 16-MJ-30364, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016).

The specific conduct charged in this case only underscores the seriousness of the offenses. According to the allegations, Defendant engaged with and exploited five minor victims, sending and receiving messages of a sexual nature and soliciting and paying for explicit images of the minor victims. (*See* Compl., Doc. 4.) In his communications with one of the minor victims, Defendant urged her to cut herself. (*Id.* at Pg. ID 59–60.) Defendant discussed violent sexual acts with multiple minor victims. (*Id.* at Pg. ID 55–56, 59–60.) Defendant threatened to kill one minor victim and then kill himself if she reported him to law enforcement. (*Id.* at Pg. ID 55–57.) And, after the execution of a state search warrant at his residence, Defendant attempted to intimidate a minor victim by telling her that another minor victim got in trouble for sending him pictures. (*Id.* at Pg. ID 67.) The nature and circumstances of the offenses support detention.

## II. The Weight of the Evidence

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of the defendant's guilt. *Stone*, 608 F.3d at 948; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The weight of the evidence as to Defendant's dangerousness is heavy. To reiterate, Defendant is alleged to have engaged with and exploited five minor victims, sending and receiving messages of a sexual nature and soliciting and paying for explicit images of the minor victims. (*See* Compl., Doc. 4.) He also urged one of the minor victims to harm herself, and he threatened to kill another. (*Id.* at Pg. ID 55–57, 59–60.) As courts have

recognized, "*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness." *Fitzhugh*, 2016 WL 4727480, at *5. Here, Defendant is alleged to have engaged in a *series* of illegal sexual acts involving *multiple* minors. Thus, the weight of the evidence of dangerousness supports detention. *See United States v. Music*, No. 107-CR-21, 2007 WL 2067057, at *5 (W.D. Ky. July 16, 2007) ("[T]he weight of the evidence against [defendant] does not favor release as the evidence produced by the Government shows that the Defendant had the intent to engage in sexual conduct with a minor.").

### III.    The History and Characteristics of Defendant

The third factor involves weighing "the history and characteristics of the person," including his family ties, employment, community ties, length of residence in the community, past conduct, and criminal history. 18 U.S.C. § 3142(g)(2). Defendant is a 37-year-old who has not held employment in recent years. (Pretrial Services Report, Doc. 21, Pg. ID 118–19.) He has no known history of criminal convictions. (*Id.* at Pg. ID 120.) He has a passport and has traveled outside the United States, although he has not done so since 2021. (*Id.* at Pg. ID 119.) He has lived with his parents and minor nephews for two years. (*Id.*) Defendant has a history of mental health concerns and has been suicidal at times. (*Id.*) He is also a past user of marijuana. (*Id.* at Pg. ID 120.) The Pretrial Services Report cited these mental health and substance abuse concerns, as well as his unemployment and possession of a passport, as contributing to a risk of non-appearance. (Pretrial Services Report, Doc. 11, Pg. ID 121.)

Defendant advises that he will live with his aunt if released. (Transcript, Doc. 24, Pg. ID 135–36.) There are two firearms in the residence of Defendant's aunt—while she is

unwilling to remove them from her home, she proposes to secure them in a locked garage. (*Id.* at Pg. ID 138.) Defendant's aunt also agreed to remove all electronic devices from the home. (*Id.* at Pg. ID 139–40.) While this proposal aims to prevent Defendant's access to computers, other than a monitored Android device, "there is simply no failsafe way to prevent any and all exposure" to new minor victims or child pornography, "even if a defendant forfeits all electronic devices and is denied access to the internet." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020) (cleaned up).

Defendant's family ties and limited criminal history suggest a low risk of flight, but his living conditions, which include proximity to firearms and access to an Android device, coupled with his mental health and substance abuse history, weigh strongly in favor of detention. *See United States v. Nunez*, Criminal No. 17-MJ-30666, 2018 WL 1026473, at *4 (E.D. Mich. Feb. 23, 2018) (finding circumstances of living situation outweigh lack of criminal history and strong community ties); *Stone*, 608 F.3d at 950 (noting that "courts have never required a prior criminal record before ordering detention"); *cf. United States v. Brown*, 601 F. Supp. 3d 196, 207 (W.D. Ky. 2022) (quoting *United States v. Ramsey*, 110 F.3d 65 (6th Cir. 1997)) (noting that "the Sixth Circuit has upheld detention orders based in part on a defendant's 'access to firearms'").

## IV. The Danger to the Community

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As explained, the charges pending against Defendant are serious, and Defendant presents a danger to the community.

Defendant is alleged to have engaged with and exploited five minor victims, sending and receiving messages of a sexual nature and soliciting and paying for explicit images of the minor victims. (*See* Compl., Doc. 4.) He urged one of the minor victims to harm herself, and he threatened to kill another. (*Id.* at Pg. ID 55–57, 59–60.) And, the Pretrial Services Report cited Defendant's substance abuse and mental health concerns as contributing to a risk of danger to the community. (Pretrial Services Report, Doc. 11, Pg. ID 121.)

"Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if [Defendant] is released." *United States v. Cornish*, 449 F. Supp. 3d 681, 686–87 (E.D. Ky. 2020). As this Court has previously stated, "[g]iven the prevalence of modern technology in this day and age, the Court reaches the common sense conclusion that 'there is simply no failsafe way to prevent any and all exposure, even if a defendant forfeits all electronic devices and is denied access to the Internet.'" *United States v. Mehmed*, 748 F. Supp. 3d 549, 554 (S.D. Ohio 2024) (quoting *Foster*, 2020 WL 6791572, at *3 (cleaned up)); *see also Cornish*, 449 F. Supp. 3d at 686–87 (refusing to rely on defendant's promise to abstain from the Internet because the "myriad of Internet-capable devices available . . . render[s] policing [his] Internet use almost impossible"); *Fitzhugh*, 2016 WL 4727480, at *5 (same). Accordingly, the Court finds that Defendant poses a danger to the community.

## CONCLUSION

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the safety of the community. The Court **ORDERS** the following:

1. The Government's Motion to Appeal and Revoke Order of Release (Doc. 18) is **GRANTED**;

2. Defendant's bond is **REVOKED**; and

3. Defendant **SHALL REMAIN DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND